IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THEOPHILUS SPENCER :
*et al.* :
 :
 :
v. : Civil No. CCB-10-3469
 :
CENTRAL SERVICES, LLC :
*et al.* :
 :

## MEMORANDUM

Now pending is the plaintiffs' motion for attorney's fees and costs in this case involving overtime and minimum wage violations under the Fair Labor Standards Act (FLSA), the Maryland Wage and Hour Law, the Maryland Wage Payment and Collection Law, and the City of Baltimore's minimum wage law. For the reasons that follow, fees in the amount of $56,430 and costs in the amount of $688.64 will be awarded.

This suit was originally filed by plaintiff Theophilus Spencer against defendants Central Services, LLC, and It Works Learning Center, Inc. in the Circuit Court for Baltimore City. After the defendants removed the case to federal court, the plaintiff filed several amendments, including adding plaintiffs Calvert Ziegler and Elmer Lewis, who also had FLSA and related claims against the defendants. (ECF No. 32.) All three plaintiffs had previously worked for the defendants on an hourly basis performing debt collection services. They alleged that the defendant corporations, which they characterized as joint employers, failed to pay them overtime and minimum wage for work performed.

Following mediation in May 2011, the parties agreed to settle. The defendants conceded that no bona fide dispute existed as to the withholding of the plaintiffs' wages. (ECF No. 43.)

1

On June 28, 2011, this court entered judgment in favor of the plaintiffs. According to the terms of the settlement, Plaintiff Spencer was awarded $6,000, and Plaintiffs Zeigler and Lewis were each awarded $2,750. (ECF No. 46.) The settlement did not address the plaintiffs' costs or attorney's fees, which are the subject of this decision.

**Standard of review**

In an action under the FLSA, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory. "The amount of the attorney's fees, however, is within the sound discretion of the trial court." *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984).

The first step in determining the reasonable attorney's fees is to calculate the lodestar – that is, "the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson,* 465 U.S. 886, 888 (1984). "[A] 'reasonable' fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010). The Supreme Court had held that "the lodestar method yields a fee that is presumptively sufficient to achieve this objective." *Id.* at 1673.

Enhancements to the lodestar figure "may be awarded in rare and exceptional circumstances." *Id.* (internal quotations omitted). A fee applicant bears the burden of proving the enhancement is necessary and must do so with reference to "specific evidence that the lodestar fee would not have been adequate to attract competent counsel." *Id.* at 1674 (internal quotations omitted).

2

Courts historically have assessed the reasonableness of fee petitions with respect to the following, known as the *Johnson* factors:

> (1) the time and labor required in the case, (2) the novelty and difficulty of the questions presented, (3) the skill required to perform the necessary legal services, (4) the preclusion of other employment by the lawyer due to acceptance of the case, (5) the customary fee for similar work, (6) the contingency of a fee, (7) the time pressures imposed in the case, (8) the award involved and the results obtained, (9) the experience, reputation, and ability of the lawyer, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship between the lawyer and the client, and (12) the fee awards made in similar cases.

*In re Abrams & Abrams, P.A.*, 605 F.3d 238, 244 (4th Cir. 2010) (citing *Allen v. United States*, 606 F.2d 432, 436 n.1 (4th Cir. 1979)). Although the Supreme Court has recently shed doubt on the reliability of this approach and described it as an "alternative" to the lodestar method, it appears that courts continue to consider the *Johnson* factors in determining attorney's fees. *Perdue*, 130 S. Ct. at 1672 ("This [*Johnson*] method, however, gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results.") (internal quotations omitted); *but see Faught v. Am. Home Shield Corp.*, 661 F.3d 1040, 1049 (11th Cir. 2011) (reviewing the district court's attorney's fee award with reference to the *Johnson* factors); *McClain v. Lufkin Indus., Inc.,* 649 F.3d 374, 380-81 (5th Cir. 2011) *cert. denied*, 132 S. Ct. 589 (2011) (same); *Jackson v. Estelle's Place, LLC*, 391 F. App'x 239, 243 (4th Cir. 2010) *cert. denied,* 131 S. Ct. 1487 (2011) (same); *Trustees of Local 531 Pension Fund v. Flexwrap Corp.*, -- F. Supp.2d --, 2011 WL 3348080 (E.D.N.Y. Aug. 2, 2011) (applying the *Johnson* factors). As explained in a recent unpublished opinion of the District Court for the Eastern District of New York: "The Supreme Court has recently expressed skepticism with the propriety of the *Johnson* approach, arguing that it gives too little guidance to judges by placing the emphasis on factors and considerations that are overly subjective. Instead, it found that the lodestar approach

3

provided better limits on a judge's discretion by making the determination more objective, providing for fee awards that are more predictable and less disparate.  However, the *Johnson* factors, as opposed to the *Johnson method*, are still relevant in informing the court's determination of a reasonable fee and a reasonable hourly rate.  *Kenny A.* cautions against using a strict *Johnson* approach as the primary basis for determining reasonable attorneys' fees, but nowhere calls into question the idea of using relevant *Johnson* factors in helping to come to a reasonable fee." *Jin v. Pac. Buffet House, Inc.*, 2010 WL 2653334 * n.2 (E.D.N.Y. 2010) (internal citations omitted).[1]

**Discussion**

The plaintiffs in this case seek $71,840 in attorney's fees, which represents 179.6 hours billed at a rate of $400 per hour.  (ECF No. 47, p. 6).  The plaintiffs acknowledge that under the Local Rules of the District Court for the District of Maryland, the presumptive lodestar fee range is $225 to $300 per hour for attorneys who have been admitted to the bar for 9 to 14 years. *See* Local Rules, Appendix B: Rules and Guidelines for Determining Attorneys' Fees in Certain Cases.  (Plaintiffs' attorney, Mr. Hoffman, has 12 years of experience in the bar.)  They argue, however, an enhancement is appropriate due to the particular skill required to prevail on the argument that the two corporate defendants formed a single enterprise and should bear liability as joint employers, the undesirability of the case because the primary defendant, Central Services, LLC, was inoperative at the time the suit was filed, and the favorable results achieved for the plaintiffs.

In support of their claim of 179.6 billable hours, the plaintiffs submitted timesheets describing the specific tasks for which the clients were billed.  (ECF No. 47, Exh. 3.)  In support

---

[1] Unpublished opinions are not binding and are cited only for their reasoning.

of their entitlement to an enhancement, the plaintiffs argue that the presumptive lodestar range is not "adequate to attract competent counsel," *see Perdue*, 130 S. Ct at 1673, and have submitted declarations from four attorneys who handle similar cases attesting that the case was "risky" and would be "particularly unattractive and undesirable" for many attorneys.  (ECF No. 47, Exhs. 7, 8, 11, 12.)  Moreover, the plaintiffs note that the formula for hourly rates in the Local Rules is based entirely on number of years of bar admission, and *Perdue* held that "an enhancement may be appropriate where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation.  This may occur if the hourly rate is determined by a formula that takes into account only a single factor (such as years since admission to the bar) . . . ."  130 S. Ct. at 1674.

Defendants have challenged the plaintiffs' claim to a $400 hourly billing rate, arguing no enhancement is warranted.  They dispute the difficulty of the case and the degree of the plaintiffs' success on their claims.  The defendants also argue plaintiffs "overlitigated" the case and that a reasonable hourly total would be 105.8 hours.[2]  (ECF No. 53, p. 16, 20.)  The defendants contend "$31,740 is the most that should be awarded" – representing 105.8 hours at a $300 hourly rate.  (*Id.* at 12, 17, 25.)

With respect to the competing lodestar calculations, the court is generally satisfied with the *number* of billable hours claimed by the plaintiffs (179.6 hours).  The plaintiffs have submitted timesheets which thoroughly account for their hours, and the total is generally reasonable.  This is particularly so because all three plaintiffs recovered on their claims.  In calculating the lodestar, the court will make two modifications to the total hours billed.  First, the court will grant the plaintiffs' claim for an additional 13.1 hours to account for their preparation

---

[2] Defendants also argue plaintiffs' success is attributable to inappropriate ex parte contact with a former employee of defendant It Works.  ECF No. 53, p. 22-23.  This argument is unsupported and in any event lacks relevance to the attorney's fees analysis.

5

of the Reply to Defendants' Opposition to the Motion for Attorney's Fees and Costs. (ECF No. 54, p. 17.) Second, 4.6 hours will be reduced from the plaintiffs' total because, as the plaintiffs acknowledge, billing for travel time to Baltimore to file documents which could be filed by mail is not necessary (particularly at an attorney's billing rate). (*Id.*, at 12.) Accordingly, the court finds that 188.1 hours constitutes a reasonable total.

With respect to the hourly rate, this court declines to apply an enhancement to the presumptive rate of $300 per hour. *Perdue* emphasized enhancements should be applied sparingly and in exceptional cases. Plaintiffs' counsel appears to have performed laudably, but this court does not find the upper end of the lodestar range is too low to attract competent counsel for cases such as these. As the *Perdue* Court noted, factors such as the "novelty and complexity of a case generally may not be used as a ground for an enhancement because [they] presumably [are] fully reflected in the number of billable hours recorded by counsel." 130 S. Ct. 1662 (internal quotations omitted).

In electing to apply the presumptive lodestar rate, this court has considered all the *Johnson* factors, most of which are subsumed in the rate and hour analysis. This includes Mr. Hoffman's good reputation among certain colleagues, some elements increasing the risk level and undesirability of the case, and awards made in similar cases, *see Louers v. Lacy,* 2011 WL 6258469 (D. Md. 2011) (adjusting the requested hourly rate to match the presumptive rates provided by the Local Rules); *Almendarez v. J.T.T. Enterprises Corp.*, 2010 WL 3385362 (D. Md. 2010) (applying the presumptive rates under the Local Rules); *First Bankers Corp. v. The Water Witch Fire Co. Inc.,* 2010 WL 3239361 (D. Md. 2010) (same).[3] Accordingly, the court awards attorney's fees to the plaintiffs in the amount of $56,430, which represents 188.1 hours at

---

[3] The court also notes that another judge in this district recently awarded attorney's fees to Mr. Hoffman at an hourly rate of $300. *See Chapman v. Ourisman Chevrolet Co., Inc*., 2011 WL 2651867 * 14 (D. Md. 2011).

a rate of $300 per hour.[4]  Costs in the amount of $688.64 are not challenged and also will be awarded.  (ECF No. 53, p. 24.)

The court declines to grant prejudgment interest, given that this case was filed in 2010 and was resolved reasonably expeditiously.  Unlike the cases cited by the plaintiffs, in which attorneys sought fees for litigation spanning many years,[5] the passage of time in this case did not adversely impact the value of the plaintiffs' compensation in a meaningful way.

A separate Order follows.


January 13, 2012                             _____/s/_____
Date                                         Catherine C. Blake
                                             United States District Judge

---

[4] The court observes that "[w]hile the requested attorneys' fees exceed plaintiffs' own recovery in the case, that is of no matter.  In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F.Supp.2d 509, 511 (S.D.N.Y. 2011); *see also Almendarez*, 2010 WL 3385362 * 3 ("There is no *per se* rule requiring proportionality between the amount of judgment and the fee award.").

[5] *See, e.g., Daly v. Hill*, 790 F.2d 1071, 1081 (4th Cir. 1986) ("Civil rights litigation often spans several years, and consequently compensation . . . often occurs long after the relevant services have been rendered.  This delay in payment of attorney's fees obviously dilutes the eventual award and may convert an otherwise reasonable fee into an unreasonably low one.") (internal quotations omitted); *see also Johannssen v. Dist. No. 1-Pac. Coast Dist., MEBA Pension Plan*, 292 F.3d 159 (4th Cir. 2002), *abrogated on other grounds* (holding in the context of litigation that spanned five years that "consideration of the effect of time on the value of the fee is mandatory as part of a consideration of what is reasonably compensatory").